UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE: ROBERT MISIAK            Chapter 13
JENNIFER LYNN MISIAK            Case No: 14-53778-pjs
         Debtor            Hon. Phillip J. Shefferly

_____/

## DEBTOR'S PROPOSED PLAN MODIFICATION

NOW COME THE **Debtors,** by and through counsel Kostopoulos and Associates, PLLC and in support of the Proposed Plan Modification, states as follows:

1. Debtor(s) filed for Chapter 13 Bankruptcy Protection on August 27, 2014.

2. Debtor(s) Plan was confirmed on April 10, 2015. The Debtor(s) confirmed plan duration is 60 months.

3. Debtor(s) current pay history is at 71%. There currently is a delinquency of $32,294.43.

4. Income tax refunds are required to be remitted into the Chapter 13 Plan as the plan proposes less than a 100% dividend to unsecured creditors.

5. Debtors filed their 2016 income tax returns and became entitled to a refund in the amount of $5,983.00.

6. Debtors filed their 2015 income tax returns and became entitled to a refund in the amount of $3,606.00.

7. The Debtors incurred expenses as a result of Jennifer Lynn Misiak having a medically necessary surgery. As a result of said surgery, Jennifer Lynn Misiak was unable to work for a period of time. Debtors used their tax refunds funds in an effort to pay household bills for the period of time that Jennifer Lynn Misiak was unable to work.

8. Debtors wish to excuse their 2015 and 2016 income tax refunds from being remitted into the Chapter 13 Plan for these expenses.

9. The Order Confirming Plan entered on April 10, 2015 requires plan payments of $1409.10 semi-monthly, effective November 4, 2018.

10. Debtors' request that plan payments be decreased to $757.15 semi-monthly as said payment will allow the plan to complete timely.

11. Amended Schedules I & J will be filed in an effort to substantiate the proposed payment.

12. Debtors' currently have a plan payment delinquency in the amount of $32,294.43. Said delinquency is a result of step plan payments not taking effect in a timely manner, as well as difficulty in making plan payments during the time that Jennifer Lynn Misiak was unable to work as a result of having surgery.

13. Debtors' wish to excuse the delinquency in plan payments.

15. Classes of Creditors will be affected as follows:
   A. Class 3: No impact on any Creditor in Class 3 as there are none in this case.
   B. Class 4: No impact on any Creditor in Class 4 as they shall continue to be paid through the Chapter 13 Plan.
   C. Class 5: No impact on any Creditor in Class 5 as there are none in this case.
   D. Class 6: No impact on any Creditor in Class 6 as there are none in this case.
   E. Class 7: No impact on any Creditor in Class 7 as they shall continue to be paid through the Chapter 13 Plan.
   F. Class 8: No impact on any Creditor in Class 8 as there are none in this case.
   G. Class 9: No impact on any Creditor in Class 9 as they shall continue to receive the confirmed base amount.

11. A plan calculation has been attached (Exhibit C).

WHEREFORE the debtor prays this honorable court grant this proposed plan modification.

  Date:   January 22, 2019        /s/ A Rita Kostopoulos
                                          A. Rita Kostopoulos (P63178)
                                          Kostopoulos & Assoc., PLLC
                                          Attorneys for Debtor
                                          31201 Chicago Road South, Suite C-102
                                          Warren, MI 48093
                                          (586) 574-0916
                                          law@kostopouloslawyers.com

United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
**IN RE: ROBERT MISIAK**          Chapter 13
    **JENNIFER LYNN MISIAK**      Case No: 14-53778-pjs
        **Debtor**                 Hon. Phillip J. Shefferly

_____/

Notice of Deadline to Object to Proposed Chapter 13 Plan Modification

The deadline to file an objection to the attached proposed chapter 13 plan modification is 21 days after service.

If no timely responses are filed to a proposed post-confirmation plan modification, the proponent may file a certificate of no response and request entry of an order approving the plan modification.

If a timely objection is filed, the Court will set the matter for hearing and give notice of the hearing to the debtor, the proponent of the plan modification, the trustee and any objecting parties. In that event, the plan modification will become effective when the Court enters an order overruling or resolving all objections.

Objections to the attached proposed chapter 13 plan modification shall be served on the following:

    A Rita Kostopoulos, 31201 Chicago Rd. S., Ste. C-102, Warren, MI 48093

David Wm. Ruskin, 26555 Evergreen, Ste. 1100, Southfield, MI 48076

        /S/ A RITA KOSTOPOULOS
        A Rita Kostopoulos (P63178)
        Kostopoulos & Associates, PLLC
        Attorney for Debtors
        31201 Chicago Rd. S., Ste. C-102
        Warren, MI 48093
        (586) 574-0916

Date: 1/22/19

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN RE: ROBERT MISIAK  Chapter 13
JENNIFER LYNN MISIAK  Case No: 14-53778-pjs
Debtor  Hon. Phillip J. Shefferly

**Debtors,**
_____/

## ORDER ALLOWING PLAN MODIFICATION

Debtor having filed a Notice of Plan Modification and no Objections having been filed; and the Court being fully advised:

IT IS HEREBY ORDERED:

1. Debtors' obligation to remit 2015 and 2016 Tax Refunds to the Chapter 13 Plan is excused.

2. Debtors' Chapter 13 Plan payment shall be decreased to $757.15 semi-monthly, effective 1/22/19.

3. Debtors' Chapter 13 Plan payment delinquency in the amount of $32,294.43 shall be excused.

2. In all other respects, the terms and conditions of the original confirmed plan shall remain in full force and effect.

Exhibit A

.

**ATTACHMENT 2**

CHAPTER 13 MODEL WORKSHEET
LOCAL BANKRUPTCY RULE 3015-1(B)(2 E.D.M.)

1. Length of Plan is    **60**    months

2. Initial Plan Payment:
   $**0.00** per month x **60** months = $**0.00** (subtotal)

3. Additional Payments: $_____ per=

4. Lump Sums:     $**0.00**

5. Total to be paid into Plan (total of lines 2 through 4)     $**0.00**

6. Estimated Disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated trustee's fees     $**0.00**

   b. Estimated Attorney Fees and costs through confirmation of plan     $**0.00**

   c. Estimated Attorney Fees and costs Post-confirmation through duration of Plan     $**0.00**

   d. Estimated Fees of Other Professionals     $**0.00**

   e. Total mortgage and other continuing secured debt payments     $**0.00**

   f. Total non-continuing secured debt payments (including interest)     $**0.00**

   g. Total priority claims     $**0.00**

   h. Total arrearage claims     $**0.00**

7. Total Disbursements other than to Class 9 General Unsecured Creditors (Total of lines 6.a through 6.h)     $ **0.00**

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors (item 5 minus item 7)     $ **0.00**

9. Estimated dividend to Class 9 General Unsecured Creditors in Chapter 7 proceeding (see liquidation analysis on page 6)     $ **0.00**

COMMENTS: **SEE ATTACHED PLAN CALCULATION**

Exhibit B